IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN WOOD, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 17-3697 |

## ORDER

**AND NOW**, this 28th day of January, 2019, after considering the parties' Joint Letter Brief Regarding Discovery, (ECF No. 99), it is hereby **ORDERED** that discovery will proceed on a representative basis.[1]  Specifically:

---

[1]    The Third Circuit has no definitive rule on whether discovery should proceed on a representative or individualized basis in FLSA actions. *Scott v. Bimbo Bakeries USA, Inc.*, No. CIV.A. 10-3154, 2012 WL 6151734, at *4 (E.D. Pa. Dec. 11, 2012).  Courts have "broad discretion to tailor discovery narrowly" to meet the needs of each case, *Crawford–El v. Britton,* 523 U.S. 574, 598 (1998), and many have found that FLSA collective actions are particularly well-suited for discovery on a representative basis.  *See Spellman v. Am. Eagle Express, Inc.*, No. 10-CV-1764, 2011 WL 12855818, at *1 n.1 (E.D. Pa. Nov. 30, 2011) (finding that "limiting the number of depositions at this juncture is consistent with the purpose of a collective action and Federal Rule of Civil Procedure 26(b)(2)(c)"); *Kesley v. Entm't U.S.A. Inc.*, No. CV-14-01105, 2015 WL 4064715, at *2 (D. Ariz. July 2, 2015) ("Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's resources.").  Further, oral and written discovery "propounded upon a representative sampling of opt-in Plaintiffs appropriately balances the needs of the Defendants and the burden to Plaintiffs and their counsel." *Scott*, 2012 WL 6151734, at *6.

Plaintiffs propose written discovery of a representative sample of 20% of the opt-in plaintiffs and 15% for depositions.  To date, there are one hundred and four opt-in plaintiffs. (Mot. Leave Am. At 2, ECF No. 98-1.)  Courts have allowed representative discovery with opt-in plaintiffs of a similar class size or smaller.  *See Kesley*, 2015 WL 4064715, at *2 (D. Ariz. July 2, 2015) (ordering representative discovery of fifteen percent of 120 opt-in plaintiffs); *Jones v. Hoffberger Moving Servs. LLC*, 2014 WL 713541, at *3 (D. Md. Feb. 24, 2014) (restricting discovery to fifteen written requests where there were thirty-nine opt-in plaintiffs); *Gentrup v. Renovo Servs.*, LLC, No. 1:07-CV-430, 2010 WL 6766418, at *4 (S.D. Ohio Aug. 17, 2010) (finding that representative discovery was appropriate for nine named plaintiffs and 106 opt-in plaintiffs).  In terms of sample size, 20% of the opt-in plaintiffs for written discovery and 15% for depositions is reasonable.  *See Goodman v.*

1. Defendants may serve written discovery upon fifteen additional opt-in plaintiffs of its choice.[2] From those plaintiffs, the Defendant may select the ten opt-in plaintiffs to depose.

2. The parties shall submit a joint proposed order establishing deadlines for discovery, decertification and summary judgment motions by **February 11, 2019**.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

---

*Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 233 (D.N.J. 2013) (limiting written discovery to 10% of opt-in plaintiffs and depositions to 6% in a collective class size of five hundred and seventy-two plaintiffs). Finally, where courts have allowed for a questionnaire to be sent to all opt-in plaintiffs, the questionnaires have generally not required document production, as Amerihealth Caritas seeks here. *See Bonds v. GMS Mine Repair & Maint., Inc.*, No. 2:13-CV-1217, 2014 WL 6682475, at *3 (W.D. Pa. Nov. 25, 2014) (ordering representative sampling for oral and written discovery with the exception of straightforward five-part questionnaire sent to the collective); *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, No. CV-08-083, 2010 WL 3218598, at *1 (D. Ariz. Aug. 13, 2010) (finding that the interrogatories were not overly burdensome because they only required answering eleven questions in small boxes).

[2]   Wood argues that the plaintiffs should be randomly selected for written discovery. *See* (Letter Brief at 1). Wood has offered no compelling reason for proceeding in this fashion. Amerihealth Caritas plans to challenge final certification by arguing that the class members are not similarly situated. *See* (*id.* at 3.) Therefore, Amerihealth Caritas may serve written discovery upon the plaintiffs of its choosing and, from there, depose the plaintiffs it believes will best support its decertification argument. *See Spellman*, 2011 WL 12855818, at *1 n.2 (permitting defendant to select which individuals to depose in support of its decertification argument).