# EXHIBIT A

## <u>SETTLEMENT AGREEMENT</u>

*Wood v. AmeriHealth Caritas Services, LLC*,
United States District Court Eastern District of Pennsylvania,
Court File. No. 2:17-CV-03697

&

*Hepp v. AmeriHealth Caritas Services, LLC*,
United States District Court Eastern District of Pennsylvania,
Court File. No. 2:19-CV-02194

This Settlement Agreement is entered into between Plaintiffs Ann Wood, Michaelene Barker, Brenda Hepp, and Tara Hardy (collectively, "Plaintiffs"), individually and on behalf of the FLSA Collective and Rule 23 State Law Settlement Classes as defined in Paragraph Nos. 23 and 24 respectively (hereinafter referred to collectively as the "Settlement Classes" or "Settlement Class Members"), by and through their attorneys Nichols Kaster, PLLP and Schall & Barasch, LLC ("Class Counsel"), and Defendant AmeriHealth Caritas Services, LLC ("Defendant" or "AmeriHealth Caritas"), by and through its attorneys Morgan, Lewis & Bockius LLP (the Plaintiffs and the Defendant are collectively referred to as "Parties").

## I.   RECITALS AND BACKGROUND

### *<u>Wood v. AmeriHealth Caritas</u>*

1.      On August 15, 2017, Plaintiff Ann Wood filed a collective and class action lawsuit against Defendant AmeriHealth Caritas Services, LLC for overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on her own behalf and on behalf of all other similarly situated individuals (the "FLSA Collective"), and under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, on her own behalf and on behalf of a putative Pennsylvania Rule 23 Class (the "Pennsylvania Class").  (Compl., Dkt. No. 1.)

1

2.     On May 15, 2018, the Court granted Plaintiff's Motion for Conditional Collective Action Certification for the overtime claims under the FLSA and required Defendant to provide to Class Counsel "a list of all persons working for AmeriHealth Caritas who are, or were Clinical Care Reviewers [] performing utilization reviews at any time from three years prior to the date of this Order."  (Dkt. No. 49.)

3.     Pursuant to the Court's Order, notice was sent to four hundred twenty-five (425) individuals. (Dkt. No. 51.) Ninety-Seven (97) individuals signed and filed timely consent forms and are now Opt-in Plaintiffs. During the course of the litigation, Defendant identified four (4) individuals who opted in but did not work as Clinical Care Reviewers during the relevant time periods.  These individuals are Fairuz Manion, Latasha Smith-Tutt, Nadia Tran, and Maurice Williams.  The Parties agree to dismiss these four individuals' claims without prejudice as part of the Motion for Final Approval of the Settlement.  The total number of Opt-in Plaintiffs included in the scope of this settlement, therefore, is ninety-three (93).

4.     After the notice period closed, the Parties agreed to stay the case in order to attempt to mediate the case.  (*See* Order, Dkt. No. 86.)

5.     On November 12, 2018, the Parties attended a mediation session in Boston, Massachusetts, with respected mediator, Michael E. Dickstein. The Parties informally exchanged information in preparation for the mediation session, including pay and time records for the putative classes. Despite the Parties' efforts, the case did not resolve at that time.

6.     On May 24, 2019, Plaintiff filed a First Amended Complaint, adding claims for overtime under the Iowa Wage Payment Collection Act ("IWPA"), Iowa Code § 91A *et seq.*, and added Plaintiff Michaelene Barker as an additional Named Plaintiff, with the Iowa state law claims

brought on her own behalf and on behalf of a putative Iowa Rule 23 Class (the "Iowa Class"). (Dkt. No. 106.)

7.      The Parties engaged in extensive discovery from August 2017 through July 2019, allowing both Parties to evaluate the strengths and weaknesses of the claims and defenses at issue. Plaintiffs deposed Defendant's corporate 30(b)(6) witness on several issues, deposed multiple high-level managers, and reviewed tens of thousands of pages of documents from Defendant. Defendant deposed multiple Plaintiffs and served discovery on a Court-ordered representative sample of Opt-in Plaintiffs.  (Dkt. No. 100.)  Both Parties have analyzed Defendant's payroll and time data to determine potential damages.

8.      Near the close of discovery, the Parties agreed to a second mediation session. (*See* Order, Dkt. No. 113.)  The Parties mediated the case with Michael E. Dickstein again on September 27, 2019, in New York, New York.  In preparation, they informally exchanged information for the mediation session, including pay and time records and damages analyses.

### *Hepp v. AmeriHealth Caritas*

9.      On May 8, 2019, Plaintiffs Brenda Hepp and Tara Hardy filed a related collective lawsuit against AmeriHealth Caritas for overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on their own behalf and on behalf of all other similarly situated individuals.  (Dkt. No. 1.)  In addition to the two Named Plaintiffs, three (3) others, Christina DeLoach, Grace McBrearty, and Arnetta Proctor, signed and filed consent to join forms in the *Hepp* matter. (*Id.*) All five Plaintiffs in *Hepp* were putative collective members who received notice about the *Wood v. AmeriHealth Caritas* case, but who did not opt-in prior to the deadline to timely file consents in that case.

10.     Prior to Defendant's deadline to file an Answer, the Parties agreed mediate this case as well as *Wood v. AmeriHealth Caritas* with Michael E. Dickstein at the September 27, 2019 mediation in New York, New York.  (See Order, Dkt. No. 7.)

### *The Settlement*

11.     After extensive negotiations, the Parties entered into a Memorandum of Understanding ("MOU") at the end of the mediation session on September 27, 2019.

12.     Based on each Party's independent investigation and evaluation, the Parties believe that a settlement based on the amounts and terms set forth in this Settlement Agreement (the "Agreement") is fair, reasonable, and adequate, and is in the best interest of Plaintiffs and the Settlement Classes in light of all known facts and circumstances, including the risk of delay, the allegations asserted by Plaintiffs, and the defenses asserted by Defendant.

13.     This Settlement Agreement represents a compromise of highly disputed claims on both liability and damages.  Nothing in this Settlement Agreement (or any act performed or document drafted or executed pursuant to or in furtherance of this resolution, including the Parties' MOU) will be construed or be used as an admission or evidence of the validity of any claim or allegation, or of any act, omission, liability or wrongdoing on the part of Defendant or any of the Releasees in any action or proceeding of any kind whatsoever.  Defendant and the Releasees expressly deny any such liability or unlawful conduct and that Plaintiffs are entitled to any form of relief.

14.     This Agreement sets forth the entire agreement between the Parties and supersedes all prior agreements or understandings, written or oral, between the Parties, other than the Stipulation of Confidentiality and Protective Order, including its provisions related to

return/destruction of materials.  While the Parties intend for the MOU to be superseded, the Parties also intend that this Agreement be consistent with the Parties' previously executed MOU.

## II.   CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT AGREEMENT

15.   This Settlement Agreement will become final and effective only upon the occurrence of all of the following events: (A) the Court enters an order granting preliminary approval of the settlement and certification of the Rule 23 State Law Settlement Classes for the purposes of settlement only; (B) the Court enters an order granting final approval of the settlement and enters judgment; and (C) exhaustion of all appeals, if any.

16.   If the Court does not approve any aspect of the settlement as set forth herein, the Parties will work in good faith to conform the terms of the Settlement Agreement to resolve the Court's objections. If an objection cannot be resolved in a manner sufficient to allow the Court to grant approval, then this Agreement will be deemed void *ab initio*.  The *Wood v. AmeriHealth Caritas* and *Hepp v. AmeriHealth Caritas* actions will continue to go forward in the Court, all Parties will return to the *status quo ante*, and the Parties will jointly propose a new schedule to the Court for discovery and motion practice.  If so, the Parties agree that the existence and terms of this Agreement and the MOU will not be referenced in this case or other cases.

## III.   SETTLEMENT AMOUNT, SCOPE, AND DAMAGES ANALYSIS

17.   Defendant agrees to pay four million two hundred fifty thousand dollars ($4,250,000.00 ) (the "Gross Settlement Amount"), to fully resolve all of the claims alleged in the *Wood v. AmeriHealth Caritas* and *Hepp v. AmeriHealth Caritas* actions, to be distributed in the manner set forth in this Agreement.

18.   The scope of this settlement includes the 93 Opt-in Plaintiffs who have filed consent to join forms and had not withdrawn them as of September 27, 2019 in the *Wood v. AmeriHealth*

*Caritas* action, five Opt-in Plaintiffs who have filed consent to join forms and had not withdrawn them as of September 27, 2019 in the *Hepp v. AmeriHealth Caritas* action, and the members of the Rule 23 State Law Settlement Classes in the *Wood v. AmeriHealth Caritas* action as defined herein. All individuals will have the right to exclude themselves from the settlement in the manner set forth in this Agreement.

19.     The sum of the Gross Settlement Amount remaining after subtracting: (a) approved Class Counsel's attorneys' fees and costs; (b) approved Service Payments for Plaintiffs (defined below); (c) the contingency fund; and (d) approved costs incurred in payment to the Settlement Administrator, shall constitute the "Net Allocation Fund."

20.     The Net Allocation Fund shall be distributed, as set forth herein: (1) to all FLSA Opt-in Plaintiffs who have filed and not withdrawn their consent to join forms in the *Wood v. AmeriHealth Caritas* or *Hepp v. AmeriHealth Caritas* actions as of September 27, 2019; and, (2) to all members of Rule 23 State Law Settlement Classes who do not timely opt out of the settlement (the "Participating Class Members").

21.     As set forth above, Class Counsel has obtained electronic payroll and time data from Defendant in the course of this litigation and as part of the mediation process. Using this data, Class Counsel conducted an individualized analysis of each Settlement Class Member's potential damages, considering each Settlement Class Member's weeks worked during the relevant statutory periods, an assumed average of 48 hours per week, and earnings as reflected in the payroll data. These analyses were then used to allocate the Net Allocation Fund.

22.     The Parties agree that no amount of the Gross Settlement Amount will revert to Defendant.

## IV.   FLSA COLLECTIVE AND RULE 23 CERTIFICATION FOR SETTLEMENT PURPOSES

23.     The Court previously certified the following FLSA collective in the *Wood v AmeriHealth Caritas* action:

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) for AmeriHealth Caritas at any time since three years prior to the filing of the Complaint; and (2) who have not been paid overtime by AmeriHealth Caritas for work in excess of forty hours per week.

24.     For settlement purposes only, the Parties stipulate to certification of the following Rule 23 State Law Settlement Classes:

> Pennsylvania Settlement Class: All persons who worked as Clinical Care Reviewers (Clinical Care Reviewer UM or Clinical Care Reviewer Sr UM) for AmeriHealth Caritas in Pennsylvania at any time from August 15, 2014 to the earlier of December 1, 2019 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs.

> Iowa Settlement Class: All persons who worked as Clinical Care Reviewers (Clinical Care Reviewer UM or Clinical Care Reviewer Sr UM) for AmeriHealth Caritas in Iowa at any time from August 15, 2015 to the earlier of December 1, 2019 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs.

25.     The Parties further stipulate that Plaintiffs shall be appointed as Class Representatives and Nichols Kaster, PLLP and Schall & Barasch, LLC shall be appointed Class Counsel for the Rule 23 State Law Settlement Classes.

26.     The stipulation to certify the Rule 23 State Law Settlement Classes is contingent upon the Court's final approval of this Settlement Agreement in the *Wood v. AmeriHealth Caritas* action and in the *Hepp v. AmeriHealth Caritas* action and is made for settlement purposes only and will not be relied upon or referenced in any other matter or in this matter if approval is not granted.

## V.     RELEASE OF CLAIMS

27.     Participating Settlement Class Members who cash their check shall knowingly, voluntarily, and completely release Defendant and its past and present parents, subsidiaries, affiliates and joint venturers, and each of their directors, officers, employees, lawyers, and each of their successors and assigns ("Releasees"), of all known and unknown claims for overtime compensation, straight time, minimum wages, liquidated damages, penalties and interest and attorneys fees/costs under the FLSA and all state/local laws and regulations and common law theories of the states where the Participating Class Member worked, including the Pennsylvania Wage Payment and Collection Law, arising from the Participating Settlement Class Member's employment with Defendant as a Clinical Care Reviewer (including Clinical Care Reviewer Sr) up to the earlier of December 1, 2019, or the date of preliminary approval.

28.     For Participating Class Members who do not cash their check: (a) FLSA Opt-in Plaintiffs will be bound by the full release, and (b) Rule 23 State Law Class Members will be bound by the full release other than the FLSA release.  The FLSA Notice, the Rule 23 Notice, and the back of the checks will confirm that Settling Plaintiffs are opting into the cases and also releasing their FLSA claims by negotiating the check.

## VI.    ATTORNEY'S FEES/COSTS AND SETTLEMENT ADMINISTRATION COSTS

29.     Class Counsel shall make a separate petition with the Court for an award of attorneys' fees for their work in obtaining a settlement benefiting the Settlement Class Members, in an amount not to exceed one million four hundred sixteen thousand six hundred sixty-six dollars and sixty-six cents ($1,416,666.66) in fees (one-third of the Gross Settlement Amount).  Any attorney's fees awarded to Class Counsel shall be paid out of the Gross Settlement Amount, and

not in addition to it.  Defendant will not object to Plaintiffs' attorneys' fees when Class Counsel seek Court approval.

30.     Class Counsel will also seek reimbursement of their litigation costs, in an amount not to exceed sixty-five thousand dollars ($65,000.00). Any award for costs to Class Counsel shall be paid out of the Gross Settlement Amount, and not in addition to it.  Defendant will not object to Plaintiffs' costs when Class Counsel seek Court approval.

31.     The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded by the Court to Class Counsel, which is not appealable.

32.     The Parties agree that a well-recognized and highly respected settlement administrator, JND Legal Administration (the "Settlement Administrator"), will administer the settlement according to the terms of this Agreement.  The expenses related to this administration of the settlement will be set aside and subtracted from the Gross Settlement Amount. The services performed by the Settlement Administrator will include, but are not necessarily limited to, distribution of notices, one reminder notice via U.S. mail, distribution of payments, and tax reporting for all payments. Class Counsel will not have access to the contact information for non-opt-in class members unless they cash their checks.

## VII.   CONTINGENCY FUND

33.     The Parties agree to apportion twenty thousand dollars ($20,000.00) of the Gross Settlement Amount to a contingency fund designed to effectuate the purposes of the Settlement Agreement, including to correct any errors relating to the allocations as agreed by the Parties, make payments to individuals who were mistakenly not included as Settlement Class Members but have a good faith claim for participation, or for any other reasonable purpose necessary to effectuate this Agreement.

34.     Any residual amount remaining in the contingency fund shall be reallocated to the Participating Settlement Class Members on a pro rata basis in the final settlement allocations.

## VIII.   SERVICE PAYMENTS

35.     In addition to their individual pro rata settlement allocations, the Parties agree to allocate to the Named Plaintiffs and to Plaintiffs who participated in discovery a service payment for their time and effort in securing this settlement on behalf of the Settlement Class Members not to exceed $15,000 total for all service payments ("Service Payment").  Subject to Court approval, $5,000.00 will be allocated to the original Named Plaintiff Ann Wood, $500.00 will be allocated to Named Plaintiff Barker, $500.00 will be allocated the Opt-in Plaintiffs who had their depositions taken, and $300.000 will be allocated to Named Plaintiffs Brenda Hepp and Tara Hardy, and the other Opt-in Plaintiffs who participated in written discovery but did not sit for depositions.

36.     Plaintiffs will petition the Court for approval of these Service Payments. If any lesser amount is approved by the Court, any remaining amounts shall be reallocated in the final settlement allocations on a pro rata basis to the Participating Settlement Class Members.

## IX.   PRELIMINARY APPROVAL AND NOTICE TO SETTLEMENT CLASS MEMBERS

37.     On or before November 18, 2019, Plaintiffs will file an Unopposed Motion for Preliminary Approval.  Class Counsel will draft the Motion and provide it and all supporting documents to Defendant on or before October 29, 2019, to allow Defendant to review and discuss any changes.

38.     Class Counsel computed a preliminary allocation of settlement amounts, which Defendant has reviewed and adopted as its settlement offers to the Settlement Class Members. The court-approved settlement notices will include a minimum allocated amount to the Settlement Class Member.

39.     The Parties agree that two settlement notices are necessary, which are attached as exhibits: one notice for distribution to the FLSA Opt-in Plaintiffs in the *Wood v. AmeriHealth Caritas* and *Hepp v. AmeriHealth Caritas* cases (Exhibit 1, the "FLSA Notice"), and a second notice for distribution to members of the Rule 23 State Law Settlement Classes (Exhibit 2, the "Rule 23 Notice").

40.     The FLSA Notice shall inform each FLSA Opt-in Plaintiff in the *Wood* and *Hepp* actions of his/her option to do nothing to accept the offer and of the sixty (60) day period ("Notice Response Deadline") to reject in writing his/her individual settlement offer and request a withdrawal of their opt-in consent form through a written exclusion request, as described in the FLSA Notice. Any Opt-in Plaintiffs who timely reject their individual settlement offers and request a withdrawal of their opt-in consent forms shall receive no settlement benefits under this Settlement Agreement, shall not be considered Participating Settlement Class Members, shall not be bound by any release set forth in this Agreement, will be dismissed without prejudice, and he/she shall have thirty (30) days within which to file a subsequent action in order to preserve consent-based tolling. Failure to re-file his/her claim within this timeline will result in his/her forfeiture of consent-based tolling, but not his/her claim.

41.     The Rule 23 Notice shall inform each Member of the Rule 23 State Law Settlement Classes of the Notice Response Deadline and his/her option to do nothing to accept the offer, or to opt out of the Rule 23 State Law Settlement Classes.  Members of the Rule 23 State Law Settlement Classes who wish to be excluded from the settlement must complete and sign a written exclusion request as described in the Rule 23 Notice and deliver that request to Class Counsel no later than the Notice Response Deadline ("Rule 23 Opt-Outs"). Rule 23 Opt-Outs shall receive no settlement

benefits under this Settlement Agreement, shall not be considered Participating Settlement Class Members, and shall not be bound by any release set forth in this Agreement.

42.     Any Participating Settlement Class Member who wishes to object to the settlement must file a written objection with the Court, with copies to Class Counsel and counsel for Defendant. All objections must be post-marked by no later than the Notice Response Deadline. Both Parties agree not to solicit objectors or encourage objections to the Settlement.

43.     Within seven (7) days of the Court granting preliminary settlement approval, Defendant shall provide the Settlement Administrator with a list of the last known mailing and the last known and if available personal email addresses of each Settlement Class Member.

44.     Within twenty-one (21) days of the Court granting preliminary approval, the Settlement Administrator will send each Participating Class Member their respective court-approved notice of settlement, by U.S. mail to their last known address, and by email to their last known personal email address if any. Each Participating Class Member's last known address shall be determined by the Settlement Administrator upon reviewing the data provided by Defendant and updating the listed addresses through the use of available address databases and services. Defendant and Class Counsel shall cooperate with any reasonable request by the Settlement Administrator for information related to these addresses.

45.     Defendant agrees that should any Settlement Class Member contact Defendant's counsel about the action or the proposed settlement, Defendant's counsel will not respond but instead direct that such inquiries be addressed to the Settlement Administrator, whose contact information will be provided in the Notices.

46.     Defendant retains the right to void the Settlement Agreement if greater than 2% of total Settlement Class Members opt out or reject the settlement offer, in which case the facts and

terms of the Settlement Agreement will remain confidential and will not be relied upon or referenced in any way in this case or other cases.

## X.      FINAL APPROVAL

47.     Within thirty (30) days after the Notice Response Deadline, Plaintiffs agree to file an Unopposed Motion for Final Settlement Approval.  Plaintiffs' Counsel will draft the Motion and provide it and all supporting documents to Defendant twenty (20) days before this deadline to allow Defendant to review and discuss any changes.

## XI.     DISBURSEMENT OF THE SETTLEMENT AMOUNTS AND TAXES

48.     "Settlement Effective Date" means 35 days after the Court grants final approval of the settlement if no objections or appeal is filed, or if there are any objections or an appeal, the date that all appeals are exhausted.

49.     Within seven (7) days of the Settlement Effective Date, Class Counsel shall provide the Settlement Administrator with the final allocations for distribution to the Participating Class Members based on the preliminary settlement allocations approved by the Court, and including any reallocated amounts.

50.     Within thirty-one (31) days of the Settlement Effective Date, Defendant shall deposit with the Settlement Administrator the Gross Settlement Amount. The Settlement Administrator shall hold the Gross Settlement Amount in escrow in an IRC Section 468(b) qualified settlement fund. Such account shall be established as a qualified settlement fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Settlement Administrator shall be responsible for all administrative, accounting, and tax compliance activities in connection with the fund, including any filing necessary to obtain qualified settlement fund status pursuant to Treas. Reg. § 1.468B-1. Defendant shall provide any documentation necessary to facilitate obtaining qualified settlement fund status.

13

51.     Within fourteen (14) days of delivery of the Gross Settlement Amount, the Settlement Administrator shall deduct its costs for administering the settlement pursuant to the terms of the contract governing its engagement as Settlement Administrator.

52.     Within fourteen (14) days of delivery of the Gross Settlement Amount, the Settlement Administrator shall mail each Participating Class Member a check in the amount of their final settlement allocation, including any awarded Service Payments.

53.     The Parties agree that one settlement check will be issued to each of the Participating Class Members. One-half of the settling payment will be reported as wages for tax purposes with each of the Participating Class Members receiving an IRS Form W-2. The other half of the settlement payment shall constitute payment for alleged liquidated damages and will be reported on an IRS Form 1099.  Any approved Service Payments will be reported on an IRS Form 1099 as well.  Each Settlement Class Member acknowledges that he or she is solely responsible for the payment of taxes relating to the payment.  The Parties further agree that Defendant shall be responsible for payment of the employer's share of payroll taxes resulting from W-2 payments to Participating Settlement Class Members.

54.     Within fourteen (14) days of delivery of the Gross Settlement Amount, the Settlement Administrator shall wire to Class Counsel any amounts awarded by the Court as attorneys' fees and costs. All amounts allocated as attorneys' fees and costs and approved by the Court will be paid to Class Counsel and will be reported on an IRS Form 1099.

55.     Participating Settlement Class Members will have ninety (90) days from the date of issuance of their settlement checks to deposit or cash the check. Seventy (70) days after settlement checks are mailed, the Settlement Administrator shall send via U.S. Mail a check cashing reminder postcard to all Participating Class Members to whom a settlement check was

issued but who have not yet cashed their check. The Settlement Administrator shall reissue lost or damaged settlement checks as necessary.

56.     Any settlement checks that have not been deposited or cashed within the ninety (90) day period will be void.  Funds allocated to Participating Settlement Class Members who do not cash their settlement checks within the check-cashing period will be set aside in a *cy pres* fund to be contributed to a charity, Caron Foundation.

57.     Each Participating Class Member shall be obligated to obtain his/her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he/she receives or obtains pursuant to this Agreement. Nothing in this Agreement shall be construed as Defendant or their counsel or Class Counsel providing any advice regarding the payment of taxes or the tax consequences of a Participating Class Members' participation in any portion of this Agreement.

## XII.     REQUIRED NOTICES

58.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third (3rd) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Class Counsel:
Rachhana T. Srey
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
srey@nka.com

To Counsel for Defendant:
Michael J. Puma
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
michael.puma@morganlewis.com

15

## XIII.  SUCCESSORS

59.     Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective Parties to this agreement, as well as any parents, subsidiaries, affiliates, officers, directors, owners, employees, attorneys, contractors, and agents.

## XIV.  NO PRIOR ASSIGNMENTS

60.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement Agreement.

## XV.  MUTUAL COOPERATION

61.     The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of the Agreement.  The Parties to the Agreement shall use their best efforts, including all efforts contemplated by the Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement Agreement and the terms set forth herein.

## XVI.  NO ADMISSION OF WRONGDOING

62.     Nothing herein or in any filing/documents related to settlement is or shall be deemed to be an admission of a violation of law by Defendant and Releasees and will not be referenced as such anywhere verbally or in writing.

## XVII.  NO PUBLICITY

63.     Class Counsel and Participating Settlement Class Members will not make statements to the media, on websites or through social media or in any other way to gain publicity

regarding the facts or terms of this Agreement or any related documents. Plaintiffs and anyone else receiving a Service Payment shall forfeit that award in the event of a violation. Notwithstanding the foregoing, Class Counsel may identify this case and the total settlement amount and job at issue in court filings as part of establishing adequacy of counsel and also on Class Counsels' website only as part of an update on the existing webpage for the *Wood v. AmeriHealth Caritas* action, which will communicate only the settlement amount, who is eligible, the scope of the release, and any deadlines and which will be removed after final approval. Defendant retains full authority to make statements to the media as needed regarding the settlement. If Plaintiffs or Class Counsel are contacted by any form of media, bloggers, or any other medium that could create publicity about the case or settlement, they will refer the person making the inquiry to publicly available court filings or the existing webpage for this case, and not make any further statement.

## XVIII. USE AND RETURN OF DOCUMENTS

64.     All originals, copies, and summaries of documents, presentations, and data provided to Class Counsel by Defendant in connection with the litigation, mediation, or other settlement negotiations in this matter, including any and all emails and attachments containing such materials, may be used only with respect to this Settlement and may not be used in any way that violates any existing contractual Stipulation, statute, or rule.  At the time of the Settlement Effective Date, the Parties will comply with the provisions of the Stipulation of Confidentiality and Protective Order executed between Class Counsel and Counsel for Defendant for the return of documents and data.

## XIX.   INTEGRATION CLAUSE

65.     This Agreement contains the entire agreement between the Parties relating to any and all matters addressed in it, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's

17

legal counsel, with respect to such matters are extinguished.  No rights hereunder may be waived or modified except in a writing signed by all Parties.

## XX.    CONSTRUCTION

66.    The Parties agree that the terms and conditions of the Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Settlement Agreement.

## XXI.   MODIFICATION

67.    This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms as approved by the Court or by a writing signed by the Parties.

## XXII.  CAPTIONS AND INTERPRETATIONS

68.    Paragraph titles, headings, or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each other term of this Agreement is contractual and not merely a recital.

## XXIII. APPLICABLE LAW

69.    All terms and conditions of this Settlement Agreement and its exhibits will be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania, without giving effect to any conflict of law or choice of law principles.

## XXIV. CLASS COUNSEL SIGNATORIES

70.    It is agreed that it is impossible or impractical to have each member of the Settlement Class execute this Agreement.  The Notice will advise all Settlement Class Members

of the binding nature of the release and as such shall have the same force and effect as if each Settlement Class Member executed this Agreement.

## XXV.  COUNTERPARTS

71.    This Agreement may be executed in counterparts, and when each signatory has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and Participating Class Members.


IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement:

**[SIGNATURE PAGE TO FOLLOW]**

**For Plaintiffs and on behalf of the FLSA Collective**
**and Rule 23 State Law Settlement Classes:**


_____ 11/11/2019       _____

Date                                         Ann Wood, Individually and on behalf of the FLSA
Collective and the Pennsylvania Class


_____       _____

Date                                         Michaelene Barker, Individually and on behalf of the
FLSA Collective and the Iowa Class


_____       _____

Date                                         Brenda Hepp, Individually and on behalf of the FLSA
Collective


_____       _____

Date                                         Tara Hardy, Individually and on behalf of the FLSA
Collective


**For Class Counsel**
**(as to form only):**


                                      **Nichols Kaster, PLLP**


_____       _____

Date                                         Rachhana T. Srey
Class Counsel


### [ADDITIONAL SIGNATURE PAGE TO FOLLOW]

**For Plaintiffs and on behalf of the FLSA Collective**
**and Rule 23 State Law Settlement Classes:**


_____          _____
Date                                     Ann Wood, Individually and on behalf of the FLSA
                                         Collective and the Pennsylvania Class


_____11/11/2019_____                   *Michaelene Barker*
Date                                     Michaelene Barker, Individually and on behalf of the
                                         FLSA Collective and the Iowa Class


_____          _____
Date                                     Brenda Hepp, Individually and on behalf of the FLSA
                                         Collective


_____          _____
Date                                     Tara Hardy, Individually and on behalf of the FLSA
                                         Collective


**For Class Counsel**
**(as to form only):**

                                         **Nichols Kaster, PLLP**


_____          _____
Date                                     Rachhana T. Srey
                                         Class Counsel


### [ADDITIONAL SIGNATURE PAGE TO FOLLOW]


20

**For Plaintiffs and on behalf of the FLSA Collective**
**and Rule 23 State Law Settlement Classes:**

_____    _____
Date                                Ann Wood, Individually and on behalf of the FLSA
                                    Collective and the Pennsylvania Class


_____    _____
Date                                Michaelene Barker, Individually and on behalf of the
                                    FLSA Collective and the Iowa Class

    11/6/2019                       _____
_____
Date                                Brenda Hepp, Individually and on behalf of the FLSA
                                    Collective


_____    _____
Date                                Tara Hardy, Individually and on behalf of the FLSA
                                    Collective


**For Class Counsel**
**(as to form only):**

                                    **Nichols Kaster, PLLP**


_____    _____
Date                                Rachhana T. Srey
                                    Class Counsel

### [ADDITIONAL SIGNATURE PAGE TO FOLLOW]

20

**For Plaintiffs and on behalf of the FLSA Collective**
**and Rule 23 State Law Settlement Classes:**


_____     _____
Date                            Ann Wood, Individually and on behalf of the FLSA
                                Collective and the Pennsylvania Class


_____     _____
Date                            Michaelene Barker, Individually and on behalf of the
                                FLSA Collective and the Iowa Class


_____     _____
Date                            Brenda Hepp, Individually and on behalf of the FLSA
                                Collective

         11/11/2019             _____
_____
Date                            Tara Hardy, Individually and on behalf of the FLSA
                                Collective


**For Class Counsel**
**(as to form only):**

                                **Nichols Kaster, PLLP**


_____     _____
Date                            Rachhana T. Srey
                                Class Counsel


### [ADDITIONAL SIGNATURE PAGE TO FOLLOW]

**For Plaintiffs and on behalf of the FLSA Collective**
**and Rule 23 State Law Settlement Classes:**

_____     _____
Date                          Ann Wood, Individually and on behalf of the FLSA
                              Collective and the Pennsylvania Class

_____     _____
Date                          Michaelene Barker, Individually and on behalf of the
                              FLSA Collective and the Iowa Class

_____     _____
Date                          Brenda Hepp, Individually and on behalf of the FLSA
                              Collective

_____     _____
Date                          Tonya Hardy, Individually and on behalf of the FLSA
                              Collective

**For Class Counsel**
**(as to form only):**

                              **Nichols Kaster, PLLP**

11/11/2019                    _____
_____
Date                          Rachhana T. Srey
                              Class Counsel

### [ADDITIONAL SIGNATURE PAGE TO FOLLOW]

20

**For Defendant:**

AmeriHealth Caritas Services, LLC

_11/11/2019_
Date

By: _____
Printed Name: STEVEN H. BOHNER
Title: Executive Vice President of Health Markets

**For Defendant's Counsel
(as to form only):**

Morgan, Lewis & Bockius LLP

_11/11/2019_
Date

_____
Michael J. Puma
Attorney for Defendant

21